IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR267 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| RODNEY L. HARRISON, | ) | |
| Defendant. | ) | |

This matter is before the Court for initial review of the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion)," filed by the defendant, Rodney Harrison (Filing No. 114). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

On November 14, 2003, Harrison pleaded guilty to Counts II and III of a three-count indictment charging him with: possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841 (Count II); and criminal forfeiture, in violation of 21 U.S.C. § 853 (Count III). Harrison's plea agreement included a provision stating that he should be held responsible for over 500 grams but less than 2 kilograms of cocaine. At the change of plea hearing, Harrison agreed that he agreed to or understood the following: the

application of the sentencing guidelines would not be determined until the presentence investigation report process would be completed; the sentence imposed might be different from the sentence envisioned by Harrison and his attorney; he read and discussed the plea agreement with his attorney; he understood the terms of the plea agreement; he signed the plea agreement voluntarily; and he was satisfied with the advice provided by his attorney. (Filing No. 49.)

In the PSR, the Defendant was held responsible for 1.49 kilograms of cocaine, resulting in base offense level 26. The Defendant was determined to be a career offender, resulting in an offense level 0f 34. After credit for acceptance of responsibility, the total offense level was 31. Due to his prior criminal convictions resulting in 16 criminal history points, Harrison would have been placed in criminal history category VI evan aside from the application of U.S.S.G. § 4B1.1. The sentencing guideline range was 188-235 months. Neither party objected to the PSR.

Harrison filed a motion for downward departure from criminal history category VI to criminal history category V, based on a substantial overstatement of his criminal history. (Filing Nos. 68, 73.) The court granted Harrison's motion for downward departure, which resulted in an applicable sentencing range of 168-210 months imprisonment. On March 1, 2004, the Court sentenced Harrison to 168 months of imprisonment and four years supervised release. Forfeiture of the property described in Count III of the Indictment was also ordered. (Filing No. 75.) Harrison timely appealed his sentence to the Eighth Circuit. While Harrison's appeal was pending, he prematurely filed this § 2255 motion. On January 5, 2005, the Eighth Circuit affirmed Harrison's sentence. On February 25, 2005, the Eighth Circuit denied Harrison's petition for rehearing and for rehearing en banc. This court

deferred action and disposition on Harrison's § 2255 motion until his 90-day time period to seek certiorari expired. According to Eighth Circuit court records, Harrison has not exercised his right to petition for certiorari review. Therefore, Harrison's § 2255 motion is now properly before this court for initial review.

**DISCUSSION**

Harrison's asserts four claims in his motion: 1) he received an unfair sentence based on the United States Sentencing Guidelines; 2) under his plea agreement he should not have been adjudged as a career offender; 3) Harrison received ineffective representation with respect to the "brevity" of his case and discussion of the plea agreement, and 4) the plea agreement was not explained, and Harrison was coerced into signing his plea agreement. The first and second grounds both relate to the application of the sentencing guidelines, including the career offender enhancement. The third and fourth grounds both relate to claims of ineffective assistance of counsel.

*Grounds One and Two: Sentencing Guideline Application*

Harrison argues that his base offense level was 26, with a criminal history category of II, and, after his three level reduction for accepting responsibility, his total offense level should have been calculated at 23. Given these parameters, the guideline range would have been 51-63 months. Perhaps reading the sentencing table in error, Harrison claims that he should have been sentenced to no more than 57 months. He argues that his 168-month sentence is unfair. In essence, Harrison's argument is that the career offender enhancement and criminal history category of V should not have been applied. Harrison never raised this argument before sentencing. Moreover, Harrison provides no specific argument why he believes he should not fall into the career offender category. Harrison

was convicted of selling cocaine in Florida on three separate occasions between 1989 and 1991. (PSR ¶¶ 34, 37, 38.) Similarly, Harrison provides no specific reasoning as to why he should be in criminal history category II as opposed to V. Pursuant to U.S.S.G. § 4B1.1, therefore, Harrison is a career offender. Therefore, Harrison's argument that the application of the sentencing guidelines was improper and unfair must fail.

For the reasons discussed, it plainly appears that Harrison is not entitled to the relief requested in grounds One and Two, and those grounds are summarily denied.

***Grounds Three and Four: Ineffective Assistance of Counsel***

Harrison claims that his attorney never informed him of the "conditions" of the plea agreement or the seriousness of his case. He wrongly claims that he did not sign his plea agreement until his sentencing hearing and that he was forced to sign the plea agreement.

Harrison's statements are not supported by the record. As stated above, Harrison stated in open court while under oath that he understood the plea agreement, was not forced to sign the agreement, and was satisfied with his counsel. Harrison's responses in his plea petition indicate that he understood the plea agreement, was satisfied with his lawyer, that his criminal history could increase his sentence, and that the Court had the ability sentence him more severely than he expected. In short, the record contradicts Harrison's claims in every respect.

For the reasons discussed, it plainly appears that Harrison is not entitled to the relief requested in grounds Three and Four, and those grounds are summarily denied.

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 114);

2.  Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 114); and

3.  A separate Judgment will be issued denying the § 2255 motion.

DATED this 13th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge