IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR267 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| RODNEY HARRISON, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the Defendant's Amended Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 160) and pursuant to the mandate issued by the Eighth Circuit Court of Appeals (Filing No. 154).

## FACTUAL BACKGROUND

The Defendant, Rodney Harrison, pleaded guilty to two counts of a three-count Indictment: possession with intent to distribute a mixture or substance containing cocaine (Count II); and criminal forfeiture (Count III). The crimes occurred on May 7, 2003. (Filing No. 45.)

At Harrison's change of plea hearing, he acknowledged that he understood the following under oath:

–the sentence imposed might be different from the sentence envisioned by Harrison and his attorney;

–if his sentence would exceed his expected sentence, he would be bound by his plea;

–the terms of his plea agreement included the applicable drug quantity, no role adjustment, and no filing of a defense motion for downward departure pursuant to § 5K2.0; and

–the written plea agreement included all of the terms of his plea agreement.

(Filing No. 49 (Plea TR), at 10, 12 & 18-19.)

In his petition to enter a plea of guilty, Harrison confirmed under oath his understanding of the following:

–his sentence was solely for the judge to decide;

–his criminal convictions within the last 15 years may increase his sentence under the guidelines; and

–if the instant crime was a drug trafficking crime, if he had 2 earlier felony offenses that were crimes of violence or drug crimes he could be sentenced as a career offender, which could "greatly enhance" his sentence.

(Filing No. 44, at 5, 10 &11.)

Harrison was sentenced by the Honorable Thomas M. Shanahan to 168 months imprisonment and four years supervised release. (Filing No. 75.) Harrison's sentence was affirmed on direct appeal. In his appeal, Harrison argued that the retroactive application of the 2003 sentencing guidelines violated the Ex Post Facto Clause.[1] (Filing No. 117.) The Eighth Circuit concluded, however, that Harrison waived the ex post facto argument by not raising it, despite numerous opportunities, in the district court, adding that "the waiver extinguishes any potential error under Rule 52(b)." (Filing No. 117, at 5.) The Eighth Circuit denied the petition for rehearing and rehearing en banc. (Filing No. 120.)

---

[1] In its August 3, 2003, opinion in *United States v. Greger,* 339 F.3d 666 (8th Cir. 2003), the Eighth Circuit Court of Appeals stated that a court may depart downward both horizontally and vertically in a situation involving a career offender. *Id.* at 671-72. However, U.S.S.G. § 4A1.3 was amended on October 27, 2003, to limit a horizontal downward departure in the case of a career criminal to one criminal history category. U.S.S.G. § 4A1.3(b)(3)(A).

This Court summarily denied Harrison's § 2255 motion, including Harrison's argument that he should not have been sentenced as a career offender. (Filing Nos. 123, 124.) One week following the summary denial of the original § 2255 motion, Harrison filed a motion to amend his § 2255 motion (Filing No. 125) and a motion to rescind this Court's order (Filing No. 126). Both motions were denied. (Filing No. 128.) This Court denied Harrison's request for a certificate of appealability with respect to the summary denial of his original § 2255 motion. (Filing No. 136.) However, in reviewing the matter, the Eighth Circuit granted the certificate of appealability in part with respect to the amended § 2255 petition, "namely whether its filing complied with the prison mailbox rule in *Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir. 1999) and, if so, whether counsel for Mr. Harrison was ineffective for failing to raise the ex post facto issue." (Filing No. 145, at 1.) Leave was granted for Harrison to proceed in forma pauperis on appeal. (*Id.*) The Eighth Circuit determined that the amended motion was timely filed under the prison mailbox rule, and the circuit court reversed and remanded the case to this Court. (Filing Nos. 149, 150, 152.) Prior counsel was given leave to withdraw, and the Federal Public Defender was appointed.[2] (Filing No. 159.) Pursuant to the Court's order, the amended § 2255 motion was filed separately. (Filing No. 145, 160.) The amended motion is now before the Court on initial review.

---

[2]Appointed counsel has not yet entered an appearance.

3

## DISCUSSION

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In his amended motion, Harrison raises the following claims: 1) his sentence was unconstitutional under *United States v. Booker,* 543 U.S. 220 (2005); 2) counsel was ineffective for failing to argue the ex post facto issue presented by the October 2003 amendment to § 4A1.3 that resulted in the limitation of a downward horizontal departure to only one criminal history category; 3) the application of the career offender guideline, U.S.S.G. § 4B1.1, violated the plea agreement; and 4) ineffective assistance of counsel for failing to argue that the application of the career offender guideline, U.S.S,.G. § 4B1.1, violated the plea agreement.  (Filing No. 160.)

### *Claim One: Unconstitutional Sentence Pursuant to* Booker

The Eighth Circuit has repeatedly held that *Booker* is not retroactive on collateral review.  *See, e.g., Never Misses A Shot v. United States,* 413 F.3d 781, 783-84 (8th Cir. 2005).  Therefore, this claim is denied.

4

***Claim Three: Application of § 4B1.1 (Career Offender) Violated Plea Agreement***

In relevant part, Harrison's plea agreement included the following provisions pursuant to Federal Rule fo Criminal Procedure 11(c)(1)(B): a recommendation that he be held responsible for over 500 grams but less than 2 kilograms of cocaine; an agreement that his role not be increased or decreased pursuant to U.S.S.G. §§ 3B1.1 or 3B1.2; and that "[n]o promises, agreements, or conditions have been entered into other than those set forth in [the plea agreement], and none will be entered into unless in writing and signed by all parties." (Filing No. 45.)  Harrison argues that he expected "not to receive a sentence greater than that covered by the stipulated facts," which he describes as: 500 grams or more but less than 2 kilograms of cocaine; a downward departure;[3] and a 3-point reduction for acceptance of responsibility.  Harrison also argues that the following paragraph precludes a sentence "outside of the stipulations":

> 3.     The undersigned Assistant United States Attorney for the District of Nebraska agrees that you will not be federally prosecuted in the District of Nebraska for any violations of federal controlled substances law of which I currently have actual knowledge other than as set forth in paragraph numbered one (1) above.

(Filing No. 45, ¶ 3.)

Paragraph (3) of Harrison's plea agreement is not relevant to his career offender argument.  Moreover, his plea agreement is silent with respect to the career offender issue.  Finally, Harrison stated at his change of plea hearing his understanding that, given the instant offense and the appropriate prior offenses, he could be determined to be a career offender.  Therefore, this claim is denied.

---

[3]The plea agreement includes a provision that Harrison would not file a motion for downward departure pursuant to U.S.S.G. § 5K2.0.  (Filing No. 45, ¶ 10.)

*Claims Two and Four - Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Harrison must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that defense counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Regarding Harrison's second claim, on direct appeal the Eighth Circuit concluded that Harrison's ex post facto claim was waived. Defense counsel did not object to the PSR, which was based on the 2003 amended guidelines, and he specifically requested the sentence imposed. The sentencing judge raised the ex post facto, yet defense counsel failed to argue the matter. The Court concludes that the government shall answer this claim.

In his fourth claim, Harrison argues that his attorney was ineffective for failing to object to his career offender status reflected in the PSR because the application of the career offender guideline breached his plea agreement. As stated above, the Court determined above that Harrison's status as a career offender did not conflict with the terms of his plea agreement and, in fact, he was warned in the petition to enter a plea of guilty that status as a career offender was a possibility. Therefore, Harrison cannot meet either prong of the *Strickland* test. This claim is denied.

## CONCLUSION

For the reasons discussed, the government shall answer Harrison's second claim. The first, third and fourth claims are summarily denied.

IT IS ORDERED:

1. The Court has completed the Initial Review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 160);

2. Upon initial review, the Court summarily dismisses the Defendant's First, Third and Fourth claims raised in his § 2255 motion;

3. On or before June 21, 2007, the United States shall file an answer to the Defendant's Second claim in the § 2255 motion and support its answer with a brief;

4. On or before, July 23, 2007, the Defendant, through appointed counsel, may file a responsive brief addressing only the Second claim; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 18th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge